**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

UNITED STATES OF AMERICA,

Plaintiff

HON. DAVID M. LAWSON
CASE NO.: 2:08-CR-DML-MKM-2

vs.

DAVID LEE WILLIAMS

Defendant.
_______________________________________/

MARK BILKOVIC
Office of the U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9623
Fax: (313) 226-3265
Email: Mark.bilkovic@usdoj.gov

SANFORD A. SCHULMAN
Attorney for Defendant
DAVID WILLIAMS
500 Griswold Street, Ste. 2340
Detroit, MI 48226
(313) 963-4740
saschulman@comcast.net

STEFANIE LAMBERT JUNTTILA
Attorney for Defendant
DAVID WILLIAMS
500 Griswold Street, Ste. 2340
Detroit, MI 48226
(313) 963-4740
attorneystefanielambert@gmail.com
__________________________________/

**DEFENDANT DAVID WILLIAM'S MOTION FOR RESENTENCING AND REQUEST FOR EARLY RELEASE**

Defendant, DAVID WILLIAMS ("Defendant"), by and through his attorneys, SANFORD A. SCHULMAN and STEFANIE LAMBERT, states in support of his Motion for Resentencing and Request for Early Release as follows:

1. On October 1, 2008, Defendant, DAVID WILLIAMS was charged by way of Indictment with Count One: Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), Count Two: Conspiracy to Possess with Intent to Distribute and to Distribute and to Distribute Cocaine Base, a.k.a. "Crack" in violation of 21 U.S.C. §§846 and 841(a)(1), Count Six: Possession with Intent to Distribute Cocaine Base "Crack" in violation of 21 U.S.C. §841(a)(1), Count Seven: Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §841(a)(1), Count Eight: Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(a)(1), Count Nine, Felon in Poessession of a Firearm, 18 U.S.C. § 922(g)(1), Count Twenty-Four: Conspiracy to Unlawfully Use a Communication Facility Commit A Drug Trafficking Offense, in violation of 21 U.S.C. § U.S.C. §843(b) and 846, and Count Twenty-Five, Criminal Forfeiture, 21 U.S.C. §853(a). (R.4, PGID -51).

2. On January 28, 2009, a Superseding Information was filed by the Government Charging Defendant with Count Twenty-Six: Conspiracy to Unlawfully Use of a Communication Facility to Commit A Drug Trafficking Offense, in violation of 21 U.S.C. §843(b) and 846, and Count Twenty-Seven: Criminal Forfeiture, 21 U.S.C. §853(a)(R. 141, PgID 488-510).

3. Mr. Williams pled guilty on March 11, 2009.

4. Mr. Williams is currently house at FCI Milan with a release date of August 17, 2026.

5. Mr. Williams was sentenced on June 22, 2009 by this Honorable Court to 240 months imprisonment on counts 1, 2, and 6; 48 months imprisonment on count 26, all concurrent. The court further recommended placement in a facility with a Comprehensive Drug Treatment Program. (R. 276, PgID 872-877).

6. If released, Mr. Williams is supported by family, plans to live with his mother and stepfather, and will work for Benjamin Bryan Concrete, which is owned by his family.

7. Mr. Williams has numerous health conditions that make him high risk according to the CDC guidelines, and COVID-19. Mr. Williams has an extremely high Body Mass Index weighing over 400 pounds. Additionally, Mr. Williams has diabetes, and hypertension.

10. Mr. Williams exhausted his administrative remedies by making a request for home confinement, and the warden denied his request on July 20, 2020. (Exhibit 1).

11. As the parties are aware the COVID-19 virus has become a pandemic in the United States and throughout the world.

12. Although death and serious illness can strike anybody, it appears from new reports that COVID-19 is much more lethal.

14. Mr. Williams makes this application knowing that the crime he committed was serious. He understands that a substantial term of incarceration was appropriate. In light of this unprecedented change in circumstances, we respectfully request that the Court exercise its power to modify Mr. Williams' sentence and direct that he be released to home confinement to serve the remainder of his sentence, and allow him to work and seek medical treatment as needed.

WHEREFORE, Defendant respectfully requests that this Court to enter an order resentencing Defendant Williams to early release from Federal Prison for the

reason so stated herein.

Respectfully submitted,

/s/ Sanford A. Schulman
SANFORD A. SCHULMAN P-43230
Attorney for Defendant
DAVID WILLIAMS
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
(313) 963-4740
saschulman@comcast.net

/s/ Stefanie Lambert Junttila
Stefanie Lambert Junttila P-71303
Attorney for Defendant
DAVID WILLIAMS
500 Griswold Street, Ste 2340
Detroit, MI 48226
(313) 963-4740
attorneystefanielambert@gmail.com

Date: November 14, 2020

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

UNITED STATES OF AMERICA,

Plaintiff

HON. DAVID M. LAWSON
CASE NO.: 2:08-CR-DML-MKM-2

vs.

DAVID LEE WILLIAMS

Defendant.
________________________________________/

MARK BILKOVIC
Office of the U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9623
Fax: (313) 226-3265
Email: Mark.bilkovic@usdoj.gov

SANFORD A. SCHULMAN
Attorney for Defendant
DAVID WILLIAMS
500 Griswold Street, Ste. 2340
Detroit, MI 48226
(313) 963-4740
saschulman@comcast.net

STEFANIE LAMBERT JUNTTILA
Attorney for Defendant
DAVID WILLIAMS
500 Griswold Street, Ste. 2340
Detroit, MI 48226
(313) 963-4740
attorneystefanielambert@gmail.com
__________________________________/

**BRIEF IN SUPPORT OF DEFENDANT, DAVID WILLIAMS' MOTION FOR RESENTENCING AND REQUEST FOR EARLY RELEASE**

NOW COMES the Defendant DAVID WILLIAMS, by and through his attorneys, SANFORD A. SCHULMAN, and STEFANIE L. LAMBERT, and state in support of his Brief in Support of his Renewed Motion to Resentence Defendant and Request for Early Release as follows:

I. Should this Honorable Court resentence DAVID WILLIAMS and release him early from his prison sentence because he has serious health conditions in light of the current pandemic?

Defendant answers. "Yes."
Plaintiff answers. "No."

**STATEMENT OF FACTS**

Mr. Williams was charged with Count One: Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), Count Two: Conspiracy to Possess with Intent to Distribute and to Distribute and to Distribute Cocaine Base, a.k.a. "Crack") in violation of 21 U.S.C. §§846 and 841(a)(1), Count Six: Possession with Intent to Distribute Cocaine Base "Crack" in violation of 21 U.S.C. §841(a)(1), Count Seven: Possession with Intent to

Distribute Cocaine, in violation of 21 U.S.C. §841(a)(1), Count Eight: Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(a)(1), Count Nine, Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1), Count Twenty-Four: Conspiracy to Unlawfully Use a Communication Facility Commit A Drug Trafficking Offense, in violation of 21 U.S.C. § U.S.C. §843(b) and 846, and Count Twenty-Five, Criminal Forfeiture, 21 U.S.C. §853(a). (R.4, PGID -51). On January 28, 2009, a Superseding Information was filed by the Government Charging Defendant with Count Twenty-Six: Conspiracy to Unlawfully Use of a Communication Facility to Commit A Drug Trafficking Offense, in violation of 21 U.S.C. §843(b) and 846, and Count Twenty-Seven: Criminal Forfeiture, 21 U.S.C. §853(a)(R. 141, PgID 488-510). Mr. Williams pled guilty on March 11, 2009, and Mr. Williams was sentenced on June 22, 2009 by this Honorable Court to 240 months imprisonment on counts 1, 2, and 6; 48 months imprisonment on count 26, all concurrent. The court further recommended placement in a facility with a Comprehensive Drug Treatment Program. (R. 276, PgID 872-877).

Mr. Williams is currently housed at FCI Milan with a release date of August 17, 2026.

Ms. Williams current conditions of confinement are putting his health at risk, and he seeks immediate release from confinement as a result of here being no conditions of confinement sufficient to prevent irreparable injury. Mr. Williams

has numerous health concerns including a high body mass index and he weighs over 400 pounds, prediabetes or diabetes, and hypertension.

**ARGUMENT**

Under the First Step Act, Mr. Williams is eligible for reduced sentence and this Court can act sua sponte to adjust downwards Mr. Williams imposed sentence so that he is eligible for supervised release.

In addition, the public health recommendation is to release high-risk people from detention, given the heightened risks to their health and safety (ECF No. 6-1, PgID 87 (Declaration of Infectious Disease Epidemiologist Joseph Amon)). The only way to prevent serious illness including death is to release all people with low risk factors.

The Center for Disease Control provided an update on November 2, 2020. Mr. Williams a high body mass index. Mr. Williams weighs over 400 pounds. The Center for Disease Control has identified a high body mass index to be an underlying medical condition that is at an increased risk for severe illness from the virus that causes COVID-19. Additionally, Mr. Williams has diabetes or prediabetes, with hypertension. The CDC identifies these medical conditions as conditions that might be at an increased risk from the virus that causes COVID-19. *Certain Medical Conditions and Risk for Severe COVID-19 Illness |CDC,*

November 2, 2020, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

Mr. Williams is housed at Milan Correctional Facility in Milan, Michigan. The number of COVID-19 cases in the federal prisons are extremely high as of October 14, 2020. There are currently 1,652 federal inmates and over 700 BOP staff members positive with COVID-19. *COVID-19 Cases*, October 14, 2020, https://www.bop.gov/coronavirus/. This demonstrates that the Bureau of Prisons policies and procedures to address COVID-19 simply are not working.

A well-known medical professional, Dr. Greifingert stated that the only way to "prevent serious illness including death" in ICE facilities is to "release all people with risk factors." (ECF NO. 20-3, PageID.374 (Declaration of Dr. Robert B. Greifingert). Same can be said about Milan.

On March 23, 2020, the Center for Disease Control and Prevention (CDC) acknowledged that correctional and detention facilities "present unique challenges for control of COVID-19 transmission among incarcerated/detained persons, staff and visitors*." Interim Guidance on Management of Coronavirus Disease 2019* (COVID-19) *in Correctional and Detention Facilities*, Centers for Disease Control (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/community/correctiondetention/guidance-correctional-detention.html.[Hereinafter"CDC Guidance 3/23/2020"].

Specifically, the CDC has noted that many detention conditions create a heightened risk of danger to its inmates. Risks include low capacity for patient volume, insufficient quarantine space, insufficient on-site medical staff, highly congretional environments, inability of most patients to leave the facility, and limited ability of incarcerated/detained persons to exercise effective disease prevention measures (e.g., social distancing and frequent handwashing). Id.

The only adequate relief for Mr. Williams is to release him from confinement at FCI Milan. Social distancing, hygiene measures and proper diet are Mr. Williams only defense against COVID-19. These protective measures are exceedingly difficult at, if FCI Milan if not impossible. Mr. Williams shares toilets, sinks, phones, showers, and eats in communal spaces. He is in frequent, close contact with other inmates, and officers.

No matter what steps are taken at FCI Milan, Mr. Williams is constantly at risk of contracting COVID-19 during this pandemic. Absent an early release by this Court, Mr. Williams has a high likelihood of irreparable harm in the form of loss of health or life should he contract COVID-19, if he has not already.

New data has confirmed that it is possible to contract COVID-19 multiple times, and that people reinfected with the disease had more severe symptoms the second time. Two different medical journals noted cases of reinfection where low oxygen levels and patients requiring oxygen were symptoms of a second

reinfection of COVID-19, Researchers Confident it was Reinfection, Not a Relapse, October 13, 2020, https://www.clickondetroit.com/health/good-health/2020/10/13/reports-2-people-reinfected-with-covid-19-had-more-severe-symptoms-the-second-time/.

The United States Attorney General has issued a directive to consider early release for detainees who do not pose a public safety risk, as minimizing crowded populations is the only known way to mitigate spread of this pandemic. *Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic*, Atty Gen. (Mar. 26, 2020); Executive Order, No. 2020-29 (COVID-19) (Mar.26, 2020). We respectfully request that Mr. Williams is released to home confinement to live with his family, work, and seek medical treatment as needed from his doctors, and local hospitals.

**CONCLUSION**

Ms. Williams current living conditions are putting his health at risk, and home confinement is a safer setting for him with his health conditions. Mr. Williams continued confinement at FCI Milan exposes him to greater symptoms of COVID-19 and possible death due to his underlying conditions.

WHEREFORE, Mr. Williams, by and through his attorneys, SANFORD A. SCHULMAN and STEFANIE LAMBERT, respectfully requests this Honorable

Court to enter an order resentencing DAVID WILLIAMS to early release from federal prisons for the reasons so stated herein.

                                  Respectfully submitted,

                                  /s/ Sanford A. Schulman
                                  SANFORD A. SCHULMAN P-43230
                                  Attorney for Defendant
                                  500 Griswold Street, Suite 2340
                                  Detroit, Michigan 48226
                                  (313) 963-4740
                                  saschulman@comcast.net

                                  /s/ Stefanie Lambert Junttila
                                  Federal Criminal Attorneys of Michigan
                                  Stefanie Lambert Junttila P71303
                                  Attorneys for Defendant
                                  500 Griswold Street, Suite 2340
                                  Detroit, MI 48226

November 14, 2020

**Certificate of Service**

I, Stefanie Lambert Junttila, attorney at law, certify that on November 14, 2020, I caused a copy of this pleading to be served upon the Clerk of the Court and Government via E-file.

/s/ Stefanie Lambert Junttila
Stefanie Lambert Junttila (P71303)