# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff

                            HON. DAVID M. LAWSON
                            CASE NO.: 2:08-CR-20520

vs.

DAVID LEE WILLIAMS

        Defendant.
_____/

MARK BILKOVIC
Office of the U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9623
Fax: (313) 226-3265
Email: Mark.bilkovic@usdoj.gov

SANFORD A. SCHULMAN
Attorney for Defendant
       DAVID WILLIAMS
500 Griswold Street, Ste. 2340
Detroit, MI 48226
(313) 963-4740
saschulman@comcast.net

STEFANIE LAMBERT JUNTTILA
Attorney for Defendant
       DAVID WILLIAMS
500 Griswold Street, Ste. 2340
Detroit, MI 48226
(313) 963-4740
attorneystefanielambert@gmail.com
_____/

## DEFENDANT DAVID WILLIAM'S REPLY TO THE UNITED STATES' REPONSE OPPOSING THE DEFENDANT'S MOTION FOR RESENTENCING AND EARLY RELEASE

Mr. Williams filed his Motion for Resentencing and Request for Early Release on November 14, 2020. The Government filed a Response to Mr. Gibson's Motion on December 7, 2020. Mr. Gibson offers this reply, and does not intend to waive any issue by not responding to contentions fully addressed in his Motion for Compassionate Release.

## ARGUMENT

The Government agrees that Williams' BOP medical records establish that he has two medical conditions, type 2 diabetes mellitus and morbid obesity, which the CDC has confirmed places a person at an increased risk of severe illness from COVID -19. (R. 568, PgID 2029).

The Center for Disease Control provided an update on December 1, 2020. Mr. Williams a high body mass index. Mr. Williams weighs over 400 pounds. The Center for Disease Control has identified a high body mass index to be an underlying medical condition that is at an increased risk for severe illness from the virus that causes COVID-19. Additionally, Mr. Williams has diabetes or prediabetes, with hypertension. The CDC identifies these medical conditions as conditions that are at an increased risk for severe illness or death from the virus

2

that causes COVID-19. *Certain Medical Conditions and Risk for Severe COVID-19 Illness /CDC,* December 1, 2020, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

Additionally, the Government is not contesting that Mr. Williams has exhausted his administrative remedies. (R. 568, PgID 2021).

Mr. Williams disagrees with the Government's assertion that Mr. Williams' medical treatment and care in sufficient in light of the COVID-19 pandemic, that the BOP is properly managing the spread of COVID-19, and that the § 3553(a) factors weigh against compassionate release.

The Government incorrectly states that the spread of COVID -19 is properly managed by the BOP. As of December 21, 2020, there are 60 inmates positive with COVID-19, and 17 staff members infected as well. The most recent BOP data also reflects 144 inmates and 55 staff members have recovered from COVID-19 virus. *COVID-19 Cases*, December 21, 2020, https://www.bop.gov/coronavirus/.

Not only are the positive number of COVID-19 cases in FCI Milan increasing at a rapid pace, but the contagious virus is spreading like wildfire in the BOP facilities throughout the United States. In October of 2020, 1,652 federal inmates and over 700 BOP staff members were positive with COVID-19. *COVID-19 Cases*, October 14, 2020, https://www.bop.gov/coronavirus/. As of December 15, 2020, there are currently 6,023 federal inmates and 1,759 BOP staff members

3

currently positive with COVID-19. *COVID-19 Cases*, December 15, 2020, https://www.bop.gov/coronavirus/. This data clearly demonstrates that the Bureau of Prisons policies and procedures to address COVID-19 simply are not working to contain or control the spread of the deadly virus.

Moreover, the Government incorrectly states that Mr. Williams will receive adequate medical treatment at FCI Milan should he contract COVID-19. Mr. Williams has underlying medical conditions that would require urgent hospitalization should he contract the COVID-19 virus. It is simply unsafe for Mr. Williams to be housed with hundreds of inmates while the COVID-19 virus is rapidly spreading through prisons. Milan has a skeleton crew of medical physicians, and Mr. Williams rarely is treated by a medical doctors. The medical staff consists of mostly nurses and assistants. FCI Milan is not designated a medical facility within the BOP. Mr. Williams needs to have the ability to immediate seek treatment at a local hospital should he contract the COVID-19 virus. Mr. Williams will not receive timely lifesaving medical treatment if he needs to wait for a prison COVID-19 test and approval for a hospital transfer.

On March 23, 2020, the Center for Disease Control and Prevention (CDC) acknowledged that correctional and detention facilities "present unique challenges for control of COVID-19 transmission among incarcerated/detained persons, staff and visitors." *Interim Guidance on Management of Coronavirus Disease 2019*

(COVID-19) *in Correctional and Detention Facilities*, Centers for Disease Control (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/community/correctiondetention/guidance-correctional-detention.html.[Hereinafter"CDC Guidance 3/23/2020"].

Specifically, the CDC has noted that many detention conditions create a heightened risk of danger to its inmates. Risks include low capacity for patient volume, insufficient quarantine space, insufficient on-site medical staff, highly congretional environments, inability of most patients to leave the facility, and limited ability of incarcerated/detained persons to exercise effective disease prevention measures (e.g., social distancing and frequent handwashing). Id.

The only adequate relief for Mr. Williams is to release him from confinement at FCI Milan. Social distancing, hygiene measures and proper diet are Mr. Williams only defense against COVID-19. These protective measures are exceedingly difficult at, if FCI Milan if not impossible. Mr. Williams shares toilets, sinks, phones, showers, and eats in communal spaces. He is in frequent, close contact with other inmates, and officers.

No matter what steps are taken at FCI Milan, Mr. Williams is constantly at risk of contracting COVID-19 during this pandemic. Absent an early release by this Court, Mr. Williams has a high likelihood of irreparable harm in the form of loss of health or life should he contract COVID-19, if he has not already.

The United States Attorney General has issued a directive to consider early release for detainees who do not pose a public safety risk, as minimizing crowded populations is the only known way to mitigate spread of this pandemic. *Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic*, Atty Gen. (Mar. 26, 2020); Executive Order, No. 2020-29 (COVID-19) (Mar.26, 2020). We respectfully request that Mr. Williams is released to home confinement to live with his family, work, and seek medical treatment as needed from his doctors, and local hospitals. If released, Mr. Williams is supported by family, plans to live with his mother and stepfather, and will work for Benjamin Bryan Concrete, which is owned by his family.

Lastly, the Government incorrectly states that the § 3553(a) factors weigh against releasing Mr. Williams for home confinement. The Government agrees that Mr. Williams has served at least sixty percent of his sentence and has accumulated 594 days of good time credit. (R. 568, PgID 2019). The Government conducted a thorough search of Mr. Williams discipline data, and found no recent offenses with the exception that Mr. Williams was insolent or rude to a staff member on one occasion during the pandemic lockdown. The Government did not cite any new data regarding the § 3553(a) factors and points out the Mr. Williams has served a

significant amount of time in prison which has resulted in significant punishment and deterrence for Mr. Williams.

## CONCLUSION

WHEREFORE, Defendant respectfully requests that this Court to enter an order resentencing Defendant Williams to early release from Federal Prison for the reason so stated herein. Mr. Williams health is extremely vulnerable while housed at FCI Milan, and he will abide by all orders from this Court if he is released and Ordered to serve the remainder of his sentence on home confinement.

Respectfully submitted,

/s/ Sanford A. Schulman
SANFORD A. SCHULMAN P-43230
Attorney for Defendant
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
(313) 963-4740
saschulman@comcast.net

/s/ Stefanie Lambert Junttila
Federal Criminal Attorneys of Michigan

Stefanie Lambert Junttila P71303
Attorneys for Defendant
500 Griswold Street, Suite 2340
Detroit, MI 48226

December 7, 2020

## Certificate of Service

I, Stefanie Lambert Junttila, attorney at law, certify that on December 7, 2020, I caused a copy of this pleading to be served upon the Clerk of the Court and Government via E-file.

/s/ Stefanie Lambert Junttila
Stefanie Lambert Junttila (P71303)